# The Williamsport Water Company *versus* The Lycoming Gas and Water Company.

When the W. Water Company was incorporated the west line of the borough of W. had been fixed, by the Act of 1853 as L. street. In 1862, the borough was enlarged and S. street made the west line. By the Act of 1865, the L. Gas and Water Company was incorporated to supply " the inhabitants residing within the limits of the plot or territory here described, and parts adjacent thereto, a sufficient supply of pure water," a part of which territory is bounded by certain lines, the one on the east being the western boundary line of the borough of W., as established in 1853, and the other portions being certain outlying villages and vicinity. The act contained a proviso that the said company shall not extend their pipes into the parts of streets in said borough in which the W. company had laid their pipes previously to the passage of the bill. The L. company was proceeding to lay its pipes into the portion of the borough lying east of L. street, contending that they were authorized to do so by the terms of their charter which allowed them to supply the inhabitants within the limits described in their charter " and parts adjacent thereto," as well as by the terms of the proviso. In proceedings to restrain them the court sustained the contention of the L. company : *Held,* that this was error ; that the Act of 1865 vested no right in the L. company to supply water to the inhabitants of that portion of the borough which lies east of L. street; that this territory was covered by the charter of the W. company, and it was clear that the legislature intended to confer rights in the charter of the L. company exclusive of interference with, or abridgment of the grants previously made.

May 31st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

Appeal from the decree of the Court of Common Pleas of *Lycoming county :* Of May Term 1879, No. 174. In Equity.

Bill in equity filed by the Williamsport Water Company against the Lycoming Gas and Water Company.

The bill of the plaintiff set forth that said company was incorporated by Act of Assembly approved April 18th 1853, for the purpose of introducing water into the borough of Williamsport; and that the defendant was infringing the chartered rights of the plaintiff by laying pipes with the view of furnishing water within the limits of Williamsport; and praying that she may be restrained from so doing, &c.

Defendant answered, denying any infringement of the chartered rights of the plaintiff, and alleging that she was a corporation duly incorporated by Act of Assembly approved March 24th 1865; and all the acts done by her, complained of by the plaintiff's bill, and all she intends to do, are within the powers granted to her by said act of incorporation; and that she has done nothing, and intends to do nothing, in violation of the chartered rights of the plaintiff.

The case was referred to a master, Henry W. Watson, Esq., who found the facts substantially as follows: That the plaintiff was organized on the 30th day of August 1856, and in pursuance of the provisions of its charter proceeded to purchase real estate, erect dams, construct reservoirs and lay water pipes in the borough of Williamsport; and that it was authorized by its charter to introduce water into said borough and lay the necessary pipes therefor; that at and prior to the time of the incorporation of said company, the western line of the borough of Williamsport was Locust street; that by a borough ordinance of March 24th 1862, the borough was extended in a westerly direction to the Grier line, or Susquehanna street, and along said line to the south side of West Fourth street; thence easterly along the south side of West Fourth street to Park street; thence south along Park street, on line of Reading, Fisher & Co.'s land, to the Susquehanna river. No streets were at that time laid out west of said line; that prior to March 24th 1865, the Williamsport Water Company laid water pipes west of Locust street (the western boundary of the borough when the company was incorporated) on several streets to a distance on each street of about seven hundred feet; that the Lycoming Gas and Water Company was incorporated by an Act of Assembly approved the 24th day of March 1865.

The seventh section of said act provides as follows:

"Section 7. That the said company shall have power to provide, erect and maintain all works and machinery, or engines, necessary or proper for making, raising and introducing, for the purpose of supplying the inhabitants residing within the limits of the plot or territory here described, and parts adjacent thereto, a sufficient supply of gas and pure water; the boundaries of the plot or territory described as follows: On the east by the western boundary line of the borough of Williamsport as established prior to the year 1853, on the north by a line formed by extending the northern

boundary line of said borough west to Lycoming creek, in a southerly direction, the junction of the said creek with the West Branch of Susquehanna river; thence east along the bank of said river to the western boundary line of the borough of Williamsport aforesaid, with privilege of introducing the gas and water to supply the inhabitants of the village of Newberry, Jaysburg and vicinity; and the company are hereby authorized and empowered to enter upon, take and hold for the purposes of this act, to them and their successors and assigns, in fee simple, or for any less estate, so much of the waters of any stream within three miles of the mouth of Lycoming creek, or any lands, tenements, or hereditaments to which the water of said stream may be appurtenant, or any real or personal estate, or property which shall be necessary to them, in the prosecution of their works : *Provided,* The same shall not exceed twenty-five acres, making compensation for the same as hereinafter provided : *Provided further,* That the said company shall not extend their pipes into those parts of streets in said borough in which the Williamsport Gas or Water Company have laid their pipes previously to the passage of this bill."

The master found that the said Lycoming Gas and Water Company have laid pipes east of the western line of the borough of Williamsport, as established prior to 1853, and have been and are now supplying the inhabitants with water; that the Williamsport Water Company have not extended their pipes into all of the streets of the borough of Williamsport as it existed in 1853; that a number of the citizens, in order to obtain water by an extension of pipes, were compelled to subscribe for stock of the company and guarantee to the company an income of from 6 to 10 per cent, on the cost of said extension or extensions; that the Lycoming Gas and Water Company furnished water to residents who had previously applied to the Williamsport Water Company, but had not succeeded in procuring water from that company.

Upon this finding of the facts the master came to the legal conclusion "that the Williamsport Water Company had the exclusive right to lay pipes and supply water to the residents of the territory east of the western boundary of the borough as it existed prior to 1853, until the legislature shall have given to some other company the right to lay pipes and supply water in the same territory.

"That the Lycoming Gas and Water Company are not authorized by their charter to lay pipes or supply water to the residents of that part of the city embraced in the borough limits prior to 1853, nor 'to extend their pipes into those parts of streets in said borough (meaning the borough as it existed in March 1865) in which the Williamsport Gas or Water Company have laid their pipes previously to the passage of the bill.' The words 'part adjacent thereto' are of so doubtful a meaning that the master can construe them in no other way than that they refer to residents or inhabitants

of the township or townships adjacent to the territory described in the Act of March 1865. That the legislature intended by the use of these words to confer the right upon the Lycoming Gas and Water Company to lay pipes in the territory covered by the charter of the Williamsport Water Company cannot be inferred from the wording of the act; on the other hand, the intention of the legislature seems to the master to be in direct conflict with the granting of such a power. "

The master, therefore, recommended that a perpetual injunction be decreed against the said Lycoming Gas and Water Company, to restrain them from laying water pipes in or through any of the avenues, streets, lanes or alleys of the city of Williamsport east of the western line of the borough of Williamsport as established prior to the year 1853, and from extending pipes into those parts of the streets of the borough (now city) of Williamsport as constituted or bounded prior to the 24th day of March 1865, in which the Williamsport Water Company had previously laid their pipes, and from supplying with water any of the residents, &c., within said territory.

The defendants filed exceptions to the report of the master, both in regard to his findings of fact and conclusions of law. The court, Mayer, P. J., in ruling upon the exceptions, inter alia, said: " The principal question involved in the controversy between the plaintiff and defendant, and upon the proper determination of which the rights of the parties litigant depend, is the correct construction to be placed upon the charter of the defendant, and what powers are they authorized to exercise under the provisions of their said charter ?

" This controversy grows out of the interpretation to be placed upon the seventh section of the act of incorporation.

" The defendants claim that the words 'parts adjacent thereto' in said section confer upon them the right to introduce water into any portion of the territory of the borough of Williamsport, except in those streets of said borough which had been previously occupied by the Williamsport Water Company in the laying of their pipes. That they are restricted by the terms of the proviso from infringing upon the rights of the plaintiffs in such streets.

" The master decided that the words ' parts adjacent thereto' are of so doubtful a meaning that he construes them to refer to residents or inhabitants of the township or townships adjacent to the territory described in the Act of March 1865. He based his conclusion upon that rule of construction which declares that no corporate privileges are granted unless they are expressed in plain and unequivocal words, testifying the intention of the legislature· in a manner too plain to be misunderstood. We are not disposed to controvert this rule, as it has received the sanction of the Supreme Court of the state and has been asserted by it a number of times.

But there are other rules of construction that are as well settled and as well sustained by authority. One of these rules is that in the construction of a statute effect is to be given, if possible, to every clause and section of it. 'Statutes are to be interpreted so as to give effect to all the words therein, if such interpretation be reasonable and be neither repugnant to the provisions nor inconsistent with the objects of the statute.' United States v. Bassell, 2 St. 389.

"Another of these rules is that in construing a statute creating a private corporation, the whole statute must be taken together and such construction given that the true intention may be effectuated. In ascertaining the meaning of the words employed in the seventh section, 'parts adjacent thereto,' and placing the proper construction upon them, aided by these rules of construction, we must take into consideration what is contained in the proviso, as well as in the body of said seventh section. As was said by Justice WOODWARD, in Dugan v. Bridge Company, 3 Casey 309, 'in measuring corporate rights we are to look at all the terms employed in the fundamental law or compact. We can no more cut out some of them or mitigate their legal effect because they are in a proviso, than we could qualify the terms of a private agreement because found in one part of the instrument instead of another. The whole instrument is to be taken together as expressing the final intentions and purposes of the parties.' 'The office of a proviso, generally, is either to except something from the enacting clause or to qualify or restrain its generality, or to exclude some possible ground in its misinterpretation of its extending to cases not intended to be brought within its purview:' Winis v. United States, 15 Pet. 423.

"In endeavoring to ascertain what the legislature meant by the use of the words 'parts adjacent thereto' in the said seventh section, we must construe the whole section together, what is contained in the proviso as well as what is expressed in other parts of it. Adopting this rule of construction, we think that the true intention and meaning of the section can be determined. The borough of Williamsport, lying east of the boundary line as established prior to 1853, was just as much 'adjacent' to the territory described in the charter of the Lycoming Gas and Water Company as was the township or townships which the master finds to be included under the description of 'parts adjacent thereto,' and that the corporate rights of the Williamsport Water Company might not be infringed upon by the rival company entering such adjacent territory, the prohibition in the proviso was inserted to protect said Williamsport Water Company in the enjoyment of their chartered rights to the extent that they had exercised them, viz.: by the occupancy of the streets in the said borough in the laying of their pipes; and that it was the intention of the legislature to

confer this right upon the Lycoming Gas and Water Company, to enter upon the territory of the Williamsport Water Company, may be inferred from the fact that the latter company was incorporated in 1853, was organized in 1856, and up to 1865 had not occupied all the streets in said borough, and had not supplied the residents upon said streets with water. The master was, therefore, in error in concluding as a matter of law that the Lycoming Gas and Water Company are prohibited, by their charter, from entering into the limits of that part of the city embraced in the borough limits as established prior to 1853. As we have already indicated, the master should have decided that the said company was authorized to lay their pipes in those streets of the said borough where the said Williamsport Water Company had not laid their pipes previously to March 24th 1865.

" Let an order for an injunction be prepared in accordance with this opinion and under the equity rule."

The court made the following decree :

" That the Lycoming Gas and Water Company, their officers, agents, servants and employees be, and they are hereby restrained, from laying their water pipes in or through any of the streets, lanes or alleys of the city of Williamsport east of the western line of the borough of Williamsport, as established prior to the year 1853, where the said Williamsport Water Company had laid their pipes prior to the 24th day of March 1865, and from supplying with water any person or persons within the limits of said territory, who have been heretofore or can be hereafter supplied with water from the pipes laid by said Williamsport Water Company prior to March 24th 1865 ; and from introducing water into any pipe or pipes that may have been laid by the said defendants in any of the streets, lanes or alleys of said territory in which the Williamsport Water Company had laid their pipes prior to March 24th 1865.

" And that the costs of this proceeding be paid by the said ' The Lycoming Gas and Water Company.' "

From this decree this appeal was taken by the plaintiff, which alleged that the court erred in the foregoing decree, and that the decree was inadequate and insufficient; that they did not decree that the Williamsport Water Company had the exclusive right as against the defendants to lay pipes and supply water to the residents of the territory of the borough of Williamsport east of the western boundary of said borough as it existed prior to 1853 ; and in that they did not decree and enjoin, that the Lycoming Gas and Water Company were not authorized by their charter, to lay pipes or supply water to the residents of that part of the city embraced in the borough limits prior to 1853, nor to extend their pipes into said borough east of the western boundary line thereof as established prior to the year 1853, nor to extend their pipes into such parts of streets west of said boundary line as the Williamsport

Water Company have laid their pipes previously to March 24th 1865.

*J. T. Fredericks* and *Wm. H. Armstrong*, for appellant.—It is clear that the defendant company have no .rights east of Locust street unless they be in the second proviso in sect. 7, or are contained in the words "adjacent thereto." The fair interpretation of the proviso is that it was prohibitory of the right of the defendant company to extend their pipes into those parts of the streets of the borough within the defined territory of their charter, but into which the plaintiff company had already extended its pipes. To attempt to extend the express grant of the charter beyond its clearly defined limits is to invade the equally indisputable limits of another and older company. All grants to corporate bodies must be strictly construed: Pennsylvania Railroad Co. *v.* Canal Commissioners, 9 Harris 22; Kerr on Injunctions 542; Packer *v.* Sunbury and Erie Railroad Co., 7 Harris 216. It is clear the power claimed is not within the express grant, and if it exists can be derived only by implication. Where an injunction is sought by a company having admitted rights against one claiming to act under a subsequent charter, it is for the company claiming such adverse rights to show their power clear of all doubts, or they will be restrained.

The words "adjacent thereto" apply only to such inhabitants as reside in parts adjacent to the defendant's territory not included within the charter limits of the plaintiff. The construction contended for by defendant would in part nullify the charter of the plaintiff. Under such a construction the defendant would have no territorial boundary and could invade every street in which the plaintiff had not laid pipes in the old borough limits. In every legislative grant it is implied that it is not to injure others: Commonwealth *v.* Pennsylvania Canal. Co., 16 P. F. Smith 42; Pittsburgh and Connellsville Railroad Co. *v.* Southwest Pennsylvania Railway Co., 27 Id. 186.

*B. S. Bentley, Jr.,* and *J. O. Parker,* for appellee.—The plaintiff had not the exclusive right within the old borough limits. The legislature had the power to charter a second company within the same limits. All the provisions of the charter must be construed together. We rely upon the express words of the charter in the earlier and affirmative portion of the section, granting to the company the right to lay pipe and furnish water in a certain specified territory and in "parts adjacent thereto;" and then, if any doubt could remain as to what is intended by the words "parts adjacent thereto," we turn to the proviso as giving full interpretation of the meaning of the legislature; "* * * said company shall not extend their pipes into those parts of streets in said borough in which the Williamsport Water Company have laid their pipes pre-

[*Williamsport Water Co. v. Lycoming Gas and Water Co.*]

viously to the passage of this bill." The sole purpose of the proviso is to protect the Williamsport Water Company where she has exercised her rights within her specific territory. Manifestly the proviso has no meaning otherwise. The Lycoming Gas and Water Company is not permitted to lay pipe "in those parts of streets in said borough." What borough? Why, necessarily, the borough which has been referred to previously in the same section, the borough "as established prior to the year 1853."

While it is true that the charter of a private corporation is to be strictly construed against the corporation, it is to be liberally construed in favor of the public. Applying this principle to the case at bar, is it not manifest that the best interests of the citizens of Williamsport demanded in 1869, as they demand now, the construction which the court below gives to the charter of the defendant?

Mr. Justice TRUNKEY delivered the opinion of the court, June 22d 1880.

When the Williamsport Water Company was incorporated the west line of the borough had been fixed by the Act of April 14th 1853, on which line is Locust street. In 1862 the borough was enlarged, and the location of Susquehanna street was made the west line. Prior to March 24th 1865, the plaintiff had laid water pipes on some of the streets in the borough west of Locust street.

By Act of March 24th 1865, the Lycoming Gas and Water Company was incorporated, with power to provide the means and supply "the inhabitants residing within the limits of the plot or territory here described, and parts adjacent thereto, a sufficient supply of gas and pure water," a part of which territory is bounded by certain lines, the one on the east being the western boundary line of the borough of Williamsport, as established prior to 1853; and the other part being "the villages of Newberry, Jaysburg and vicinity:" Provided, "That the said company shall not extend their pipes into those parts of streets in said borough in which the Williamsport Gas and Water Company have laid their pipes previously to the passage of this bill. Provided, also, That the company shall not take water from the stream occupied or taken by the Williamsport Water Company, or Lycoming creek and tributaries." A large territory is embraced in the description, which includes two villages of indefinite extent and all that part of the borough west of Locust street, in some of the streets of which the Williamsport Water Company had laid pipes. Here is a grant of right to supply water in all the territory of the borough and much outside, which was not within the borough lines as established at the time of the grant to the plaintiff, with two provisoes prohibiting interference with property of the latter. Not a word or clause gives authority to defendant to go within the limits of the borough as they existed in 1853, and it has none, unless it be implied in

the phrase "parts adjacent." There is no line of division east of Locust street, and, if the defendant can go beyond it at all, the court was right in deciding, and accordingly decreeing, "that the said company was authorized to lay their pipes in those streets of the said borough where the said Williamsport Water Company had not laid their pipes, previously to March 24th 1865."

All parties agree as to the application of two cardinal rules of construction, 1. That no corporate privileges are granted unless they are expressed in plain and unequivocal words, or by necessary implication; 2. That a statute is to be interpreted so as to give effect to all the words therein, if such interpretation be reasonable, and be neither repugnant to its provisions nor inconsistent with its objects; giving effect, if possible, to every clause and section of it. Manifestly, the main object in the defendant's charter is provision for a supply of water and gas to the inhabitants in the territory described. West of the portion included in the certain bounds are two villages as uncertain in extent as their future growth, and here effect may be given to the words "parts adjacent," though a similar meaning must be given to the word vicinity. Whether they are empty words with respect to all the designated landmarks, is not a point in the case; but the question is whether they embrace the territory of another corporation which is only mentioned in defendant's charter to exclude inference that the defendant may take any of its property. If it was the intention to give the defendant a right to supply water in all unoccupied parts of the borough, a very few words would have covered the ground and reserved to the plaintiff its pipes previously laid. Nothing could be more absurd than to define a line of division, if it was not the intendment to make one. Such line is sharply defined in the seventh section, and the grant is clearly expressed, with a proviso that the pipes of the plaintiff then laid shall not be disturbed. That proviso plainly relates to the grant; the grant was within a certain limit which included the new part of the borough, and its generality is restrained by the proviso excluding the parts of streets already occupied by the older company. The whole instrument must be taken together, the affirmative grant and negative proviso—one gives, the other withholds—the office of the one is to except out a part of what is embraced in the general terms of the other. The word borough in the proviso is defined by the context and limited to the part within the grant; to give it its ordinary meaning would be inconsistent with the object of the statute and also repugnant to the express provisions bounding the territory of the defendant.

It is contended on behalf of defendant, that the intendment of its charter is to vest the right to lay pipes and furnish water to the inhabitants of that part of the old borough lying between Hepburn and Locust streets, because of the plaintiff's bad treatment of said inhabitants. If this be doubtful, the doubt is certain against the

right.   Neither master nor court found a limit at Hepburn street, and it is a mistake to say that either the opinion of the court or decree stops there.   Starting on the premise that the words "parts adjacent" give the defendant a right to cross the west line of the borough as it existed in 1853, the conclusion of the learned judge is logical and inevitable, that the east line of the borough is the limit; and if that be repugnant to the obvious sense of the statute, the error is in the premise and not in the reasoning.   It may be that it would have been wise and beneficial to the inhabitants to have placed the district between Hepburn and Locust streets within the grant to the new company, but the legislature was not convinced of that, for had they been, Hepburn street would have been made the dividing line instead of Locust.

We are of opinion that the statute vests no right in defendant to provide means and supply water to the inhabitants of the territory which constituted the borough of Williamsport in 1853, and which lies east of the western boundary of the borough as established prior to said date.   That territory is covered by the plaintiff's charter, and it is clear that the legislature intended to confer rights in the defendant's charter, exclusive of interference with, or abridgment of, the grants previously made.

This action was commenced in 1869, and the bill charges that the defendant has done and intends to do acts without authority of law, and in violation of the plaintiff's chartered rights.   It was sufficient notice to defendant that if it exceeded its authority, to the plaintiff's injury, it would be at its peril.   Either party could have urged the cause to an earlier hearing, and the delay is as little benefit or prejudice to the one as the other.   A preliminary injunction settles no question of right, and when not necessary for the preservation of property, pending the suit, the plaintiff may well await final decision.   That the plaintiff may have violated its charter in trespassing on territory of defendant, is not a question in this issue, nor is the act of such nature as defeats its right to demand redress for the alleged injuries.   These parties are corporations, with no other rights than is granted by their respective charters, with no privity, or contract relations, between them, and either may demand protection in what the statute gives, without denial, because of the maxim that, who does iniquity shall not have equity.

This cause having been argued by counsel, upon consideration thereof, the decree is reversed; and it is now adjudged, ordered and decreed:

> 1. That the Lycoming Gas and Water Company, their successors, officers, agents and servants be, and hereby are enjoined from laying water pipes in any part of the city of Williamsport east of the western line of the borough of Williamsport, as established prior to the

[Williamsport Water Co. v. Lycoming Gas and Water Co.]

year 1853; and also from extending their pipes into those parts of the streets in said borough, now city, west of said line, in which the Williamsport Water Company had laid their pipes, previously to March 24th 1865.

2. That said company defendant, their successors, officers and employees, be and are enjoined from supplying any place, or any person or persons, or any association, or any corporation, in the territory east of the said western line of the borough, as described in the preceding paragraph, with water, from and after the 1st day of October A. D. 1880.

3. That the costs, including costs of appeal, be paid by defendant.

4. That the record be remitted for the execution of this decree.